Taylor, Chief-Justice.
 

 The single question in this case is, whether it was necessary for the Plaintiff to ten
 
 *331
 
 der a refunding bond to the Defendant, to give him a right of action
 
 on
 
 the bond. The giving a bond is not made a condition precedent by the act of 1789, but that and paying out the distributive shares, are made mutual acts. It shall be paid over to such persons to whom it is due by law, “ such persons giving bond with two or more able sureties.” Eveu in covenants, if one party-covenants to do one thing, the other
 
 doing
 
 another, it is a mutual covenant, and not a condition precedent — (2
 
 Black. Itep.
 
 1312.) But in whatever light it may be considered, it is clear, from the circumstances of the case, that it was neither necessary for the Plaintiff to prepare or tender a refunding bond
 
 ;
 
 for the administrator, by a public official act, had dispensed with the obligation. He asserted in the inventory, his inability to pay this debt, and went as far as lie could to assure those entitled to demand it, that he would be no more able to pay upon the receipt of a refunding bond, than without one. After this, it would have been useless to prepare a bond, since the distributee had good ground to believe that the surplus would not be paid over, and that he was discharged from what might otherwise be deemed a duty. (The subject was fully considered in 1
 
 Hawks’s
 
 Rep. 427, and applies to this case.) It was therefore very properly left to the Jury, to consider whether the want of a refunding bond was or was not an obstacle to the settlement. A new trial is refused.
 

 Hair and HesdersoN, Judges, concurred